IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| REGINALD DARNELL JACOBS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-17-678 |
| BOARD OF EDUCATION OF PRINCE GEORGE COUNTY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

In November 2013, Defendant Officer Charles Pickard yelled at and "violently attack[ed] and assault[ed]" Plaintiff Reginald Jacobs, who at the time was a minor. Am. Compl., ¶¶ 12–16, ECF No. 22. Pickard was charged criminally for his conduct and found guilty. *Id*. ¶¶ 22–23. Jacobs, now an adult, brings this civil litigation against Officer Pickard, the Board of Education of Prince George's County (the "County"), the Prince George's County Police Department (the "Department"), and Prince George's County (the "County") alleging four counts: (I) violations of 42 U.S.C. § 1983 (against all defendants); (II) violations of Articles 24 and 26 of the Maryland Declaration of Rights (against all defendants); (III) battery (against Pickard); and (IV)[1] false imprisonment (against Pickard). Am. Compl. ¶¶ 30–73. The County has filed a motion to dismiss Counts I and II, or in the alternative a motion to bifurcate, ECF No. 24.[2] The Board also

---

[1] Jacobs erroneously lists his false imprisonment count as "Count V" in his amended complaint, however, he alleges only a total of four counts. *See* Am. Compl. 13

[2] The parties fully briefed the motion. ECF Nos. 24, 28, 29. A hearing is not necessary. *See* Loc. R. 105.6.

moved to dismiss Counts I and II, ECF No. 25, and fully adopted the County's memorandum of law, ECF No. 25-1. Because, at this preliminary stage, Jacobs has alleged plausibly that the County knew of, but failed to address adequately, a custom of its police officers to use excessive force, I will deny the County and the Board's motions to dismiss. I will also deny the motions to bifurcate the case with respect to the *Monell* claim, given the criminal conviction of the officer involved. The County, the Board, and the Department must file their Answers no later than November 22, 2017 and I will issue a Scheduling Order and schedule a Fed. R. Civ. P. 16 conference thereafter.

## Background

Plaintiff Reginald Jacobs, who was a minor at the time, was confronted by Defendant Charles Pickard while walking down the hallway of Suitland High School on November 12, 2013.[3] Am. Compl. ¶¶ 12–14. Officer Pickard, who was dressed in police uniform, removed his bullet proof vest and gun belt and began yelling "'let's go to the body'" at Jacobs. *Id.* ¶ 15. Pickard then subjected Jacobs to profanity-laced yelling and "violently attack[ed] and assault[ed] Plaintiff, striking Plaintiff directly in the face with extreme force." *Id.* ¶¶ 15–16. After knocking Jacobs down multiple times and continuing to attack him with "extreme force," Pickard handcuffed Jacobs, placed him in a patrol car, and took him to Palmer Park police station. *Id.* ¶¶ 16–18. After a period of time, Jacobs was returned to Suitland High School where another unnamed officer attempted to coerce him into writing a false statement of the day's events. *Id.* ¶ 19. Pickard was charged criminally based on these events and found guilty of three separate

---

[3] At this stage of the proceedings, I accept the facts as alleged in Plaintiff's Amended Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

counts, including reckless endangerment, second degree assault and misconduct in office. *Id.* ¶¶ 22–23.

Jacobs filed a 42 U.S.C. § 1983 action against Officer Pickard, the Board, the Department, and the County, for which Officer Pickard works, alleging that Pickard used excessive force, deprived him of his constitutional rights, and unreasonably searched and seized him. Compl., ECF No. 1. With regard to the County, Jacobs claims it "has failed to adequately train, supervise, and discipline its officers against the use of improper detention, unreasonable force and unreasonable search and seizure" and

> with actual notice and/or constructive knowledge and with deliberate indifference, and manifested through [its] failure to train and a persistent and wide spread practice, incorporate[s] a policy and/or custom of permitting its law enforcement officers to improperly detain, use unreasonable and excessive force, and unreasonably search persons without proper cause.

Am. Compl. ¶¶ 25, 37. In Count I, Jacobs claims that "Prince George's County has allowed an atmosphere of excessive abuse to exist as demonstrated by the numerous times meritorious claims have been brought against it, which manifested itself in the brutal assault of Plaintiff by Defendant Pickard." *Id.* ¶ 32. Jacobs lists ten cases filed in this Court against the County between 2010 and 2015. *Id.* ¶ 28. In Count II, Jacobs makes the same claims against the County pursuant to Articles 24 and 26 of the Maryland Declaration of Rights.[4]

---

[4] The County and the Board have moved to dismiss Count II for failing to state a claim under Article 24 or Article 26. Article 24 is read *in pari materia* with the Fourteenth Amendment. *See Schloss v. Lewis*, No. JFM-15-1938, 2016 WL 1451246, at *10 (D. Md. Apr. 12, 2016) (citing *Barnes v. Montgomery Cty., Md.*, 798 F. Supp. 2d 688, 700 (D. Md. 2011)), *aff'd sub nom. Schloss v. Abey*, No. 16-2217, 2017 WL 2465020 (4th Cir. June 7, 2017). Likewise, "Article 26 protects the same rights as those protected under the Fourth Amendment to the United States Constitution," and "Maryland courts 'have long recognized that Article 26 is *in pari materia* with the Fourth Amendment.'" *Ross v. Early*, 899 F. Supp. 2d 415, 431 (D. Md. 2012) (quoting *Dent v. Montgomery Cty. Police Dep't*, 745 F. Supp. 2d 648, 661 (D. Md. 2010); citing *Barnes*, 798 F. Supp. 2d at 700); *see also Richardson v. McGriff*, 762 A.2d 48, 56–57 (Md. 2000).

3

Jacobs filed an Amended Complaint, and the County filed its Motion to Dismiss Counts I and II or in the alternative, a motion to bifurcate those counts, ECF No. 24, which the Board adopted fully in its motion to dismiss or bifurcate.[5]

## Discussion

Under Rule 12(b)(6), Jacobs's claims against the County are subject to dismissal if they "fail to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a [claim] and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

The County, as a unit of local government, is a "person[]" subject to suit under 42 U.S.C. § 1983, to the extent allowed in *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978). *DiPino v. Davis*, 729 A.2d 354, 368 (Md. 1999). But, "[u]nder *Monell*, a municipality's liability "arises only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *Walker v. Prince George's Cty., Md.*, 575

---

Therefore, I will consider the sufficiency of Jacobs's state constitutional tort claims in tandem with his § 1983 claim. *See Schloss*, 2016 WL 1451246, at *10; *Ross*, 899 F. Supp. 2d at 431.
[5] Because the Board's motion fully adopts the County's memorandum of law, I will only refer to the County's memorandum.

4

F.3d 426, 431 (4th Cir. 2009) (quoting *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984)); *see Rockwell v. Mayor of Balt.*, No. RDB-13-3049, 2014 WL 949859, at *11 (D. Md. Mar. 11, 2014) (citing *Walker*). Thus, a *Monell* claim is a form of § 1983 action under which a municipality, such as the County, is liable "where a policymaker officially promulgates or sanctions an unconstitutional law, or where the municipality is deliberately indifferent to the development of an unconstitutional custom." *Smith v. Ray*, 409 F. App'x 641, 651 (4th Cir. 2011). The government's policy or custom must have "played a part in the deprivation" underpinning the plaintiff's claim. *DiPino*, 729 A.2d at 369. The policy or custom may be "an express policy, such as a written ordinance or regulation"; a decision by "a person with final policymaking authority"; "an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens"; or "a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotation marks omitted)).

To state a *Monell* claim, a plaintiff must allege that "(1) the municipality [had] actual or constructive knowledge of the custom and usage by its responsible policymakers, and (2) there [was] a failure by those policymakers, as a matter of specific intent or deliberate indifference, to correct or terminate the improper custom and usage." *Rockwell*, 2014 WL 949859, at *11 (quoting *Randall v. Prince George's Cty.*, 302 F.3d 188, 210 (4th Cir. 2002) (internal quotation marks omitted)). The plaintiff also must allege that there was "a 'direct causal link' between the policy or custom and the deprivation of rights." *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 386–86 (1989)). Notably, "'there must be numerous particular instances of unconstitutional conduct in order to establish a custom or practice,'" because "[a] municipality is

not liable for mere 'isolated incidents of unconstitutional conduct by subordinate employees.'" *Smith*, 409 F. App'x at 651 (quoting *Lytle v*, 326 F.3d at 473).

According to the County, "the Amended Complaint falls woefully short of demonstrating that Plaintiff's alleged injuries were caused by a custom or practice of the County" because the allegations in Counts I and II are "speculative and conclusory." Def.'s Mem. 6. As the County sees it, "Counts I and II [], divested of all speculative and conclusory statements and incomparable excessive force cases, fail to properly state a *Monell* claim that can survive the County's motion to dismiss" because the Amended Complaint "fails to assert '[any] factual allegations of known, widespread conduct by [County] employees comparable to that alleged as to [Plaintiff].'" *Id.* at 6–7 (quoting *Ross v. Prince George's Cty., Md.*, No. DKC-11-1984, 2012 WL 1204087, at *9 (D. Md. Apr. 10, 2012)) (alteration in original). The County also asserts that "[t]he ten excessive force cases identified in the First Amended Complaint cannot be the basis for Plaintiff's *Monell* claim because either the suits are pending suits, dismissed with no findings of excessive force, or the County was successful in defending the claim." *Id.* at 7–8. In its Reply, the County argues that "the unique circumstances surrounding the present case (i.e., police officer assigned to a public school and confronting a juvenile) which is part of Plaintiff's claims should control the scope and nature of the discovery that was not present in any of the cases cited by Plaintiff." Def.'s Reply 3–4.

Plaintiff insists that, in combination with the officer's actions in this case, the listed cases demonstrate "a clear showing of pervasive misconduct and a policy or custom on the part of Prince George's County and its employees to engage in improper detention, unreasonable and excessive force and unreasonable search and seizures has been properly and specifically pleaded." Pl.'s Opp'n 8 (referencing Am. Compl. ¶ 28). But, an unsubstantiated complaint in

6

itself is not sufficient; there also must be a finding of excessive force. *See Amann v. Prince George's Cty., Md.*, No. DKC-99-3759, 2001 WL 706031, at *2 (D. Md. June 15, 2001) (noting that "complaints filed in the other lawsuits" that have not been resolved are "mere allegations rather than notice of actual unconstitutional behavior"); *see also Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 346 (E.D.N.Y. 2006) ("The mere fact that a number of lawsuits have been filed, without any information as to whether the suits are meritorious or spurious, or alternatively, any evidence that the municipality ignored such complaints such that it constituted deliberate indifference to any potential problem of excessive force, does not assist a fact-finder in determining whether the [municipality] actually has a historical problem of its . . . officers using constitutionally excessive force in the performance of their duties."). Thus, the question is whether Jacobs identified a sufficient number of cases in which County officers were liable for excessive force, such that the County had knowledge of its officers' unconstitutional use of force but failed to address it.

In the County's view, the cases Plaintiff cites also must be pared down to only those involving the same type of force and involving a police officer assigned to a school confronting juveniles. Def.'s Reply 3–5. Relying on *King v. McCown*, 831 F.2d 290, 1987 WL 38651 (4th Cir. 1987), the County insists that "the excessive [force] cases identified by Plaintiffs to support a *Monell* claim must be of the same nature to be discoverable and used as evidence at trial." Def.'s Mem. 7. Certainly, in *King*, the Fourth Circuit concluded that the plaintiff was "not entitled to reports of excessive force that do not involve the use of a gun" because "[t]he gist of his complaint is deficient firearm training and failure of superior officers to correct improper use of guns," such that "[l]imiting discovery to reports of shootings should not unduly hamper [the plaintiff]." 1987 WL 38651, at *2. Plaintiff's Complaint, unlike in *King*, alleges "Prince

George's County has failed to adequately train, supervise, and discipline [County] officers against the use improper detention, unreasonable force, and unreasonable search and seizure" in general, not only in schools or when confronting minors specifically. Pl.'s Opp'n 4; *see also* Am. Compl. ¶¶ 25, 37. Plaintiff asserts that the listed cases are not irrelevant because they all allege the use of excessive force and the policy or customs of Prince George's County employees. *See* Pl.'s Opp'n 8. Therefore, any findings of excessive force are relevant to whether the County knew about its officers' alleged pervasive use of excessive force. I will review the cases, all of which involved allegations of some form of excessive force.[6]

*Johnson v. Prince George's County, Md.*, No. DKC-10-582; *Ulloa v. Prince George's County, Md.*, No. DKC-15-257; *Anderson v. Prince George's County, Md.*, No. TDC-13-1509; *Canada-Malcom v. Prince George's County, Md.,* PJM-14-2150; and *Queen v. Prince George's County, Md.*, PWG-14-2941, all settled. Prior to settlement in *Anderson*, the County filed motions to dismiss and for summary judgment, without success. Notably, in *Johnson*, the plaintiff offered five "notice of claim" letters that others had submitted to the County as evidence of the County's purported custom or practice, and the Court stated that "the mere existence of claims against Prince George's County does not establish the requisite widespread practice of approving excessive force." Mar. 1, 2011 Mem. Op. 24, ECF No. 29 in DKC-10-582. He also offered articles from the internet "about alleged police abuses in Prince George's County," which the Court said were unauthenticated hearsay. *Id.* at 25. Consequently the Court concluded that his claims could not survive summary judgment. *Id.* at 26. But, the plaintiff argued that he had not had the opportunity to discover "additional evidence on the customs, policies, and practices of the Prince George's County Police Department" such as "records of sustained claims,

---

[6] I take judicial notice of the docket entries and filings in these cases pursuant to Fed. R. Evid. 201(b)(2).

complaints, and lawsuits alleging false arrest and police brutality against the Prince George's County Police Department [as well as] training records and procedures and police department general orders," and on that basis, the Court denied the summary judgment motion as premature. *Id*. at 28.

In *Okezie v. Prince George's County, Md.*, No. DKC-13-168, the jury returned a verdict in the defendant officers' favor. In *Taylor v. Prince George's County, Md.*, No. DKC-13-1678, the parties filed a stipulation of dismissal.

Of the three most recent cases, one remains pending and the others settled, with one settlement coming only days before trial. The excessive force claims in *Queen v. Prince George's County*, No. PWG-14-2941, which settled in August 2017, were based on a police officer striking the plaintiff in the face and survived summary judgment. In that case, the County did not move to dismiss a similar *Monell* claim, in which the plaintiff alleged that "[a]t least ten other individuals have filed claims against Prince George's County between 2002 and 2014, alleging that Prince George's County police officers have used excessive force and have arrested and incarcerated Prince George's County residents without probable cause." In *Brown v. Prince George's County*, No. GJH-15-3687,[7] the plaintiff alleged that the defendant officer shot him after responding to a reporting of a shooting. This case was dismissed during discovery based on a notice of voluntary dismissal with prejudice. Lastly, in *King v. Prince George's County*, No. PJM-15-1405, the Court denied the motion to dismiss the *Monell* claim against the County and bifurcated the claim; the defendant officers' summary judgment motion was denied and that excessive force claim is proceeding to trial in January 2018.

---

[7] At the time of the parties were briefing this motion to dismiss, this case was still pending. The parties refer to it in the Complaint and briefs as "15-cv-03867"; however, its proper case citation is GJH-15-3687.

Relevantly, in *Johnson*, *Okezie*, *Taylor*, *Queen*, and *King*, the Court bifurcated and stayed the *Monell* claims against the County pursuant to Rule 42(b), because those claims could continue only if the officers' use of force was unconstitutional. "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims . . . ." Fed. R. Civ. P. 42(b).

> The determination of whether bifurcation is appropriate is fact specific. *Dawson v. Prince George's County, et al.,* 896 F. Supp. 537, 540 (D. Md. 1995). Bifurcation is fairly common in § 1983 cases where a plaintiff has asserted claims against individual government employees as well as the municipal entity that employs and supervises these individuals. *See id.* at 539–40; *see also Ransom v. Baltimore County, et al.,* 111 F. Supp. 2d 704, 708 (D. Md. 2000); *Marryshow v. Bladensburg, et al.,* 139 F.R.D. 318, 318–19 (D. Md. 1991). Under § 1983, municipalities are directly liable for constitutional deprivations only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell, et al. v. Dep't of Social Servs., et al.,* 436 U.S. 658, 694 (1978); *Spell v. McDaniel, et al.,* 824 F.2d 1380, 1385 (4th Cir. 1987). Municipal liability in this context is thus dependent on an initial finding that a government employee violated a plaintiff's constitutional rights. *Beasley v. Kelly, et al.,* CIV. A. DKC 10–0049, 2010 WL 3221848, at *3 (D. Md. Aug. 13, 2010) (citing *Dawson,* 896 F. Supp. at 540). Section 1983 cases are good candidates for bifurcation because a subsequent trial of the municipality is necessary only if the government employees are found liable. *Id.*

*Okezie v. Prince George's Cty., Md.*, No. CBD-13-0168, 2014 WL 1334188, at *1 (D. Md. Apr. 1, 2014).

Although Plaintiffs did not identify any cases in which County officers were found liable for excessive force claims, six of the cases Plaintiffs identified settled, such that the truth of the excessive force claims is unknown. And, in two of those cases, *Johnson*, DKC-10-582 and *Anderson*, TDC-13-1509, the claims against the County (which had fewer allegations of the County's customs and practices) survived the County's motions for summary judgment. Also, in the one pending case, *King*, PJM-15-1405, the *Monell* claim survived the County's motion to dismiss and motion for summary judgment; in another, *Queen*, PWG-14-2941, the County did

not move to dismiss it. Considering these circumstances as a whole, I find that, at this preliminary stage, Plaintiff has alleged plausibly that the County knew of, but failed to address adequately, a custom of its police officers to use excessive force over the course of several years.

Consequently, it is premature to dismiss the *Monell* claim at this time. Indeed, while the County argues that having a joint trial on these issues would be prejudicial to Officer Pickard and commencing discovery against the County should be stayed to preserve resources Def.'s Mem. 9, Jacobs counters that bifurcating at this stage would prejudice him and it would be premature as no discovery has occurred. Pl.'s Opp'n 9–10. This Court has bifurcated § 1983 cases so that the plaintiffs may discover pattern and custom evidence if they establish the defendant officers' liability for excessive force. *E.g.*, *Okezie*, 2014 WL 1334188, at *1–2 (bifurcating and citing cases); *Cole v. Prince George's Cty., Md.*, No. AW-10-70, 2010 WL 3169843, at *4 (D. Md. Aug. 10, 2010) (noting that "Plaintiff's bald allegations do not appear to be sufficient to plead a *Monell* claim," but denying Defendant's motion to "dismiss this claim without first giving Plaintiff an opportunity to conduct discovery on the reasonableness of Defendant officers' actions"). While bifurcation at trial may be proper to avoid undue prejudice to Officer Pickard, currently I do not believe bifurcation is necessary as this case proceeds to discovery. Officer Pickard has been found criminally liable in a related case (dealing with the same events as alleged here) for reckless endangerment, Md. Code Ann., Crim. Law § 3-204, second degree assault, Md. Code Ann., Crim. Law § 3-203, and misconduct in office.[8] Under Maryland Code, reckless endangerment requires a finding beyond a reasonable doubt that "a person [] recklessly engage[d] in conduct that creates substantial risk of death or serious physical injury to another." Crim. Law § 3-204. Given this finding in the criminal proceeding, I believe bifurcation at this

---

[8] I take judicial notice of the state docket entries and filings in the related criminal case pursuant to Fed. R. Evid. 201(b)(2).

time will not result in expediting it, but would rather have the opposite impact. Therefore I will not bifurcate the *Monell* claim and will not stay discovery on it, pursuant to Rule 42(b) at this time. Defendants may renew their motion to bifurcate Counts I and II at a later time if they believe it is necessary before a possible trial.

## **ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is, this <u>8th</u> day of <u>November</u>, <u>2017</u> hereby ORDERED that

1. Prince George's County's and the Board of Education's Motions to Dismiss Counts I and II, ECF Nos. 24 and 25, ARE DENIED; and

2. Prince George's County's and the Board of Education's Motions to Bifurcate Counts I and II, ECF Nos. 24 and 25, ARE DENIED without prejudice.

Prince George's County, the Board of Education of Prince George's County, and the Prince George's County Police Department's must file their Answers by November 22, 2017. After such time, I will schedule a Rule 16 conference and issue a Scheduling Order and Discovery Order for this case.

/S/
Paul W. Grimm
United States District Judge

jml